**8**

**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, CA  93720
Telephone:	(559) 233-4800
Facsimile:	(559) 233-9330

Riley C. Walter, #91839
rwalter@wjhattorneys.com

Kurt F. Vote, #160496
kvote@wjhattorneys.com

Danielle J. Bethel, #315945
dbethel@wjhattorneys.com

Attorneys for:	Plaintiff RANDY SUGARMAN, as Trustee of the Gregory J. teVelde Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>GREGORY J. TE VELDE,<br><br>Debtor.<br><br>RANDY SUGARMAN, TRUSTEE OF THE GREGORY J. TE VELDE LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES TRUSTEE PROGRAM, by and through TARA TWOMEY, DIRECTOR,<br><br>Defendant. | Case No. 18-11651<br><br>Chapter 11<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND RECOVERY OF AMOUNTS OWED [11 USC § 542)**<br><br>Adversary Proc. No. _____ |

{9700/006/01551638.DOCX}	1
COMPLAINT FOR DECLARATORY JUDGMENT AND RECOVERY OF
AMOUNTS OWED PURSUANT TO 11 U.S.C. § 542

# COMPLAINT FOR DECLARATORY JUDGMENT AND RECOVERY OF AMOUNTS OWED PURSUANT TO 11 U.S.C. § 542

Plaintiff RANDY SUGARMAN, as Trustee ("Plaintiff" or the "Trustee") of the Gregory J. teVelde Liquidating Trust (the "Trust") created under the te Velde Liquidating Trust dated as of December 26, 2019, *In re Gregory te Velde*, Case No. 18-11651 [Dkt. 2973], Exhibit A (hereinafter the "Plan"), solely in his capacity as Trustee, and not in any individual or other capacity, files this Complaint against Defendant UNITED STATES TRUSTEE PROGRAM (the "Program") by and through TARA TWOMEY, DIRECTOR (the "Director") (the "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against the Defendants to recover amounts unconstitutionally assessed by Defendant and subsequently paid by Plaintiff to the Program pursuant to 28 U.S.C § 1930(a)(6) ("§ 1930"), which amounts are now indisputably property of the Trust as a result of the Supreme Court holding in *Siegel v. Fitzgerald*, 142 S. Ct. 1770 (2022) that Section 1930(a)(6) is unconstitutional as violating the uniformity provision of the Bankruptcy Code. *See also In re Cir. City Stores, Inc.*, No. 08-35653-KRH, 2022 WL 17722849, at *1 (Bankr. E.D. Va. Dec. 15, 2022) (fees held unconstitutional and Trustee entitled to be made whole)*; In re John Q. Hammons Fall 2006, LLC*, 15 F.4th 1011 (10th Cir. 2021), *cert. granted, judgment vacated sub nom. Off. of the United States Tr. v. John Q. Hammons Fall 2006, LLC*, 213 L. Ed. 2d 1036, 142 S. Ct. 2810 (2022), *and reinstated by* No. 20-3203, 2022 WL 3354682 (10th Cir. Aug. 15, 2022); *In re Clinton Nurseries, Inc.*, 53 F.4th 15, 29 (2d Cir. 2022).[1]

## THE PARTIES

2. The Trustee is the duly appointed trustee of the Trust, successor in interest to the Debtor. As provided and in furtherance of Article VII of the Plan and Paragraph 2 of the Confirmation Order,

---

[1] *See also USA Sales, Inc. v. Off. of United States Tr.*, 532 F. Supp. 3d 921, 927 (C.D. Cal. 2021), *appeal pending USA Sales, Inc. v. Off. of United States Tr.*, No. 21-55643 (9th Cir. Jun 21, 2021)

{9700/006/01551638.DOCX}     2

the Court approved the formation of the Trust and the te Velde Liquidating Trust Agreement (hereinafter the "Liquidating Trust Agreement").

3. Pursuant to Articles III and V of the Liquidating Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtor through the Plan and to seek any and all related relief.

4. The Program is administered by the United States Department of Justice, which is responsible for overseeing the administration of bankruptcy cases and private trustees under 28 U.S.C. § 586 and 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). As part of those administrative duties, the Program collects fees pursuant to § 1930, which fees are deposited into the United States Trustee System Fund (the "Fund").

5. The Director is the Director of the Program.

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of California, dated November 25, 2019. The Trustee confirms his consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order or judgment by the Court in connection with this Complaint to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution of the United States of America.

7. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue of this Chapter 11 Case and this adversary proceeding in this District and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory and legal predicates for the relief requested by the Complaint are 11 U.S.C. §§ 105, 541, 542, 549, and 558, and Bankruptcy Rule 7001.

///

///

# RELEVANT FACTS

10. On April 26, 2018, Gregory J. te Velde (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

11. On November 25, 2019, this Court confirmed the Plan, *In re Gregory te Velde*, Case No. 18-11651 [Dkt. 2975], Exhibit B (hereinafter the "Confirmation Order").

12. Pursuant to the Liquidating Trust Agreement, the Trust received the Debtor's assets, including but not limited to any and all recovery actions, for the purpose of allowing the Trustee to administer the assets in accordance with the Plan.

13. As provided in Paragraph 17 of the Confirmation Order and Article IX of the Plan, this Court has retained exclusive jurisdiction to hear and determine any matters arising out of, under or related to the Case, the Plan or the Liquidating Trust Agreement to the fullest extent permitted by law.

14. In accordance with the Plan and the Liquidating Trust Agreement, the Trustee has performed, and continues to perform, his duties with fervor and, in furtherance thereof, already has distributed substantial funds to holders of allowed general unsecured claims.

15. The Trustee, his staff, and professionals continue their efforts to recover additional sums through litigation and otherwise in order to make additional distributions to the holders of allowed claims.

16. Further, in accordance with Article VI of the Plan, the Trustee is required to continue to remit to the U.S. Trustee's Office ("UST") statutory quarterly fees ("UST Fees") until Case closure (or entry of a final decree). The relevant portion of Article VI of the Plan provides:

> Not later than twenty (20) days after the end of each calendar quarter that ends after the Effective Date (including any fraction thereof), the Liquidating Trustee shall pay to the United States Trustee the quarterly fee for such quarter until this case is converted, dismissed, or closed pursuant to a Final Decree, as required by 28 U.S.C. § 1930(a)(6).

17. In accordance with Article VI of the Plan and in furtherance of his duties under the Liquidation Trust Agreement, the Trustee has continued to timely file requisite quarterly operating reports, and through the entry of the Order (as defined herein), has continued to timely remit the UST Fees as calculated and invoiced by the UST pursuant to § 1930 (the "Unconstitutional UST Fees").

18. As a result of the unconstitutional fee structure under § 1930 and, based upon the timely filed Quarterly Post Confirmation Reports, the Program invoiced the Trustee, and the Trustee paid (using assets of the Trust) the UST at least $2,003,359 in Unconstitutional UST Fees. See Quarterly Post Confirmation Reports, *In re Gregory te Velde*, Case No. 18-11651.

19. The Trustee intends to continue filing quarterly reports as required by the Plan. However, to the extent any fees due hereafter to the Program are calculated based upon the current version of 28 U.S.C. § 1930(a)(6), such calculation(s) is also contrary to the Supreme Court's ruling in *Siegel v. Fitzgerald*, 142 S. Ct. at 1782 and therefore unconstitutional (the "Subsequent Unconstitutional UST Fee Calculations").

20. As such, the Unconstitutional UST Fees already paid, and the Subsequent Unconstitutional UST Fee Calculations, amount to an unconstitutional overpayment of UST Fees paid by the Trust into the Fund.

21. There is no legitimate dispute over the fact that the Unconstitutional UST Fees are now owed to the Trust. Similarly, there is no legitimate dispute over the fact the Trust Estate has a vested property interest in the Unconstitutional UST Fees; however, since the Unconstitutional UST Fees are not in the Trust's possession, those fees must be turned over to the Trust care of the Trustee. Further, "[t]here is no requirement in [11 U.S.C. § 542] that the trustee make demand, obtain a court order, or take any further action in order to obtain a turnover of the estate's property." *In re U.S.A. Diversified Prod., Inc.*, 193 B.R. 868, 872 (Bankr. N.D. Ind. 1995) (alteration added), *aff'd*, 196 B.R. 801 (N.D. Ind. 1996), *aff'd sub nom. Matter of USA Diversified Prod., Inc.*, 100 F.3d 53 (7th Cir. 1996) (quoting *Matter of Larimer*, 27 B.R. 514, 516 (Bankr.D.Idaho 1983)).

### FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

22. The Trustee repeats and realleges each of the allegations contained in Paragraphs 1 through 21, above, as though fully set forth herein.

23. The UST Fees paid by the Trustee using assets of the Trust under 28 U.S.C. § 1930(a)(6) were and are unconstitutional as they violate the uniformity provisions of the Bankruptcy Clause, as

held in *Siegel v. Fitzgerald*, *In re John Q. Hammons Fall 2006, LLC*, *In re Clinton Nurseries, Inc.*, and other district and circuit courts throughout the Nation.

24. There is an actual controversy between the Plaintiff, on the one hand, and the Defendant on the other in that Plaintiff contends the UST Fees paid in the case of *In re Gregory te Velde*, Case No. 18-11651 to the Program were and are unconstitutional, are being retained by the Defendant without just cause. Plaintiff is informed and believes, and thereon alleges, that Defendant disputes the foregoing contentions.

25. This dispute is definite and concrete, touching the legal relations of the parties which have adverse legal interests in that the Defendant has not returned the Unconstitutional UST Fees to the Trustee, for the benefit of the Trust, and Defendant apparently intends to continue to assess and collect the Subsequent Unconstitutional UST Fee Calculations. Said funds, paid and to be paid by Plaintiff, could otherwise be utilized for the benefit of the Trust beneficiaries.

26. Given the relation of the parties, it is not an abuse of this Court's discretion to hear the present matter.

27. Furthermore, judgment in favor of the Plaintiff will (1) clarify the legal relation at issue; (2) afford relief from the uncertainty, insecurity, and controversy that gave rise to the proceeding; (3) be an efficient exercise of judicial oversight for this Court to render judgment in this instance; and (4) reinforce that the Trust is not engaging in procedural fencing.

28. Pursuant to 28 U.S.C. § 2201, the Trust is entitled to a declaratory judgment that the Defendant unconstitutionally collected the Unconstitutional UST Fees, that such fees are, and at all times herein have been, an asset of the Trust estate, and that Defendant can neither assess nor collect future Subsequent Unconstitutional UST Fee Calculations from Plaintiff.

### SECOND CLAIM FOR RELIEF

### TURN OVER AND ACCOUNTING OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542

29. The Trustee repeats and realleges each of the allegations contained in Paragraphs 1 through 28, above, as though fully set forth herein

30.　The Unconstitutional UST Fees are an obligation owed to the Trust and constitute property of the estate under § 541 of the Bankruptcy Code.

31.　The Unconstitutional UST Fees have matured and are payable on demand.

32.　Defendants have failed to return the Unconstitutional UST Fees to the Trustee. To the extent the Trustee is required to demand return of said fees, which Trustee respectfully disputes, Trustee nonetheless hereby demands same.

33.　Defendant knew or should have known the Unconstitutional UST Fees were property belonging to the Trust and Defendant has failed to turn over such amounts as required by § 542 of the Bankruptcy Code.

34.　The Trustee is entitled to recover the full amount of the Unconstitutional UST Fees pursuant to § 542(b) of the Bankruptcy Code.

35.　The Trustee is entitled to an accounting from Defendant of the Unconstitutional UST Fees paid since June 30, 2018 and the prompt repayment of same in full.

## **PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests and prays that the Court:

A.　Pursuant to the First Claim for Relief and 28 U.S.C. § 2201, enter a declaratory judgment that (1) Defendant unconstitutionally collected the Unconstitutional UST Fees, (2) such fees are, and at all times herein have been, an asset of the Trust estate, and (3) Defendant neither assess nor collect future Subsequent Unconstitutional UST Fee Calculations from Plaintiff;

B.　Pursuant to the Second Claim for Relief and 11 U.S.C. § 542 of the Bankruptcy Code, enter a judgment against Defendant and require the Director to cause the Program to (1) provide an accounting to Plaintiff of all Unconstitutional UST Fees paid by Plaintiff in the case of *In re Gregory te Velde*, Case No. 18-11651 and (2) pay to Plaintiff, as Trustee of the Trust, the full amount of such Unconstitutional UST Fees, which Plaintiff is informed and believes total $2,003,359;

C.　Award the Trustee costs and expenses incurred in connection with this adversary proceeding; and

///

1　　　　D.　　Grant such other and further relief as this Court deems just and appropriate.

Dated: February 9, 2023　　　　　　　　WANGER JONES HELSLEY PC

　　　　　　　　　　　　　　　　By:_____/s/ *Riley C. Walter*_____
　　　　　　　　　　　　　　　　　　　　Riley C. Walter
　　　　　　　　　　　　　　　　　　　　Kurt F. Vote
　　　　　　　　　　　　　　　　　　　Danielle J. Bethel
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　RANDY SUGARMAN, as Trustee
　　　　　　　　　　　　　of the Gregory J. teVelde Liquidating Trust